1  Brendan B. Penney, Esq. (CSB # 210919)
   bpenney@ggltsw.com
2  **GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP**
3  1880 Century Park East, 12th Floor
   Los Angeles, California 90067-1621
4  (310) 552-3400
   Fax (310) 552-0805

Attorneys for Defendants
FARIBOURZ BEROUKHIM AND
HALEH BEROUKHIM

GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE:<br><br>MEHRDAD TAHERIPOUR<br><br>Debtor,<br><br>DAVID A. GILL, CHAPTER 7 TRUSTEE,<br><br>Plaintiff,<br><br>vs.<br><br>NEXGEN ENERGY HOLDINGS PCC LIMITED, an Isle of Man company; WILTON GROUP; ANTHONY BARBER; TONY FLANAGAN; NICOLE HEWSON; EBRAHIM KAHEN-KASHANI; ERIC HERRERA; DONALD S. BURRIS; BURRIS, SCHOENBERG & WALDEN, LLP; BENEFICIARIES OF PRIVATE TRUST J999; LINDA SHETABI; FARIBOURZ BEROUKHIM; HALEH BEROUKHIM,<br><br>Defendants. | CHAPTER 7<br><br>Case No: 2:12-bk-30028-RK<br><br>ADV. No. 13-01443-RK<br><br>**FARIBOURZ BEROUKHIM AND HALEH BEROUKHIM'S NOTICE OF MOTION AND MOTION TO DISMISS TRUSTEE'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br>**[FED.R.BANKR.P. 7012; FED.R.CIV.P 12(b)(6)]**<br><br>**Hearing:**<br>Date    :  November 18, 2014<br>Time    :  2:30 p.m.<br>Location :  U. S. Bankruptcy Court<br>               255 E. Temple Street<br>               Courtroom 1675<br>               Los Angeles, CA 90012<br><br>Judge: Hon. Robert N. Kwan, Presiding |

///

///

1

*NOTICE OF MOTION AND MOTION TO DISMISS*

1507361_1.doc

**TO THE HONORABLE ROBERT N. KWAN, U.S. BANKRUPTCY JUDGE, THE PLAINTIFF, THE OFFICE OF THE UNITED STATES TRUSTEE, ALL OTHER INTERESTED PARTIES, AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 18, 2014 at 2:30 p.m. before the Honorable Judge Robert N. Kwan in Courtroom 1675 of the United States Bankruptcy Court located at 255 East Temple Street, Los Angeles, California, Defendants Faribourz Beroukhim and Haleh Beroukhim (the "Beroukhims") in the above referenced adversary proceeding, will move and hereby do move for entry of an order dismissing the Plaintiff's Fourth Claim for Relief and Twelfth Claim for Relief in Plaintiff's Third Amended Complaint to Avoid and Recover for Fraudulent Transfers as to the Beroukhims with prejudice and without leave to amend ("Motion").

Plaintiff's Third Amended Complaint ("TAC") asserts two claims for relief against the Beroukhims. Plaintiff's Fourth Claim for Relief for Fraudulent Transfer seeks to recover the Subject Property or in the alternative the value of the Subject Property from the Beroukhims pursuant to California's Uniform Fraudulent Transfer Act (California Civil Code §3439, et seq.). Plaintiff's Twelfth Claim for Relief seeks to enjoin all Defendants, including the Beroukhims, from transferring the Subject Property and the proceeds thereof. Plaintiff alleges that the instant action is a core proceeding. (TAC, ¶1.) Pursuant to Federal Rules of Bankruptcy Procedure, Rule 7012, the Beroukhims admit that the instant action is a core proceeding.

The Beroukhims bring this Motion, by and through their counsel of record, pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6) made applicable by Federal Rules of Bankruptcy Procedure, Rule 7012, on the grounds that both claims asserted in the Trustee's Third Amended Complaint against the Beroukhims fail to state a claim upon which relief may be granted. Specifically, as more fully set forth in the Memorandum of Points and Authorities below, the Motion is made on the following grounds:

1. To the extent Plaintiff relies upon California Civil Code §3439.04(a)(2) or §3439.05, Plaintiff's claims against the Beroukhims fail to state a claim upon which relief

1 may be granted because Plaintiff fails to allege that the Beroukhims did not pay "reasonably

2 equivalent value" when they purchased the Subject Property. In fact, Plaintiff effectively

3 admits that the sale was for "reasonably equivalent value."

4   2. To the extent Plaintiff relies upon California Civil Code §3439(a)(1),

5 Plaintiff's claims against the Beroukhims fail to state a claim upon which relief may be

6 granted because in light of the allegations in the TAC, Plaintiff's claim is not plausible.

7   This Motion is brought pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6)

8 made applicable by Federal Rules of Bankruptcy Procedure, Rule 7012; Rule 9013-1 of the

9 Local Bankruptcy Rules, California Civil Code §3439, et seq., and other applicable statutory

10 and case law as the facts of the matter may present. This Motion is based upon this Notice of

11 Motion and Motion, the Memorandum of Points and Authorities attached hereto, all

12 pleadings, documents and records on file with this Court, and upon such oral argument made

13 at the time of hearing.

14   **PLEASE TAKE FURTHER NOTICE THAT** pursuant to Local Bankruptcy Rules,

15 Rule 9013-1(f), any interested party wishing to oppose or respond to this Motion must file

16 and serve the response on the moving party upon the attorney listed above and the Office of

17 the United States Trustee not later than 14 days before the designated date for hearing.

18 Failure to file and serve a timely written opposition may be deemed to constitute consent to

19 the relief requested in the Motion.

21 DATED: October 9, 2014  Respectfully submitted,

22          GIBBS GIDEN LOCHER TURNER
         SENET & WITTBRODT LLP

24          By: _____
          Brendan B. Penney
25          Attorneys for Defendants
         FARIBOURZ BEROUKHIM AND HALEH
26          BEROUKHIM

*(Left margin: GIBBS GIDEN LOCHER TURNER SENET & WITTBRODT LLP)*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION AND STATEMENT OF FACTS

Plaintiff David A. Gill in his capacity as the Chapter 7 Trustee ("Plaintiff") for the estate of debtor Mehrdad Taheripour ("Debtor") commenced this adversarial action on April 11, 2013. Defendants Faribourz Beroukhim and Haleh Beroukhim ("Beroukhims") are relatively new to the action, having been recently served with a Third Amended Complaint ("TAC"). At the center of this matter is a real property located at 2905 Corda Lane, Los Angeles, CA ("Subject Property"). The Subject Property is the Beroukhims' home. Plaintiff's TAC alleges a series of transactions/conspiracies regarding the Subject Property and the proceeds related to the Subject Property.

### A. "The Initial Transfer Plan"

Plaintiff alleges that the Debtor, a prior owner of the Subject Property, first conspired with other defendants to transfer the Subject to Defendant Nexgen Energy Holdings PCC Limited at a discount in order to "hinder, delay and defraud" Debtor's creditors. (Trustee's Third Amended Complaint ("TAC"), ¶¶ 34-92.) This so-called "Initial Transfer Plan" culminated in the sale of the Subject Property to Defendant Nexgen Energy Holdings PCC Limited ("Nexgen") for $1,000,000 on May 31, 2012 – a week before Debtor filed for Chapter 7 protection. (TAC, ¶¶ 37 and 39.)

### B. "The Liquidation And Offshoring Plan"

Following the sale of the Subject Property to Nexgen, Plaintiff alleges that the defendants embarked on a "Liquidation and Off Shoring Plan" whereby Nexgen would sell the Subject Property and then transfer the cash proceeds offshore as part of a continued effort to "hinder, delay or defraud" Plaintiff and other creditors. (TAC, ¶¶ 94- 169.) Plaintiff alleges that the Subject Property was sold to the Beroukhims for $2,000,000 on March 14, 2013. (TAC, ¶ 96.) Plaintiff alleges that Nexgen and other defendants then set out to transfer the proceeds overseas in furtherance of their efforts to avoid the claims of Plaintiff and other creditors. (TAC, ¶¶ 105-169.)

### C. The Allegations Involving The Beroukhims

The allegations involving the Beroukhims are sparse. As noted above, Plaintiff alleges that Beroukhims purchased the Subject Property from Defendant Nexgen on March 14, 2013 for $2,000,000. (TAC, ¶¶ 32 and 96.) In addition, Plaintiff alleges that Nexgen insisted to the Beroukhims that a closing must take place within 30 days. (TAC, ¶105(j).) that is the extent of the allegations involving the Beroukhims. More noteworthy than what is alleged relative to the Beroukhims is what isn't alleged.

Plaintiff does not allege that the Beroukhims had any involvement or knowledge of the so-called "Initial Transfer Plan". (TAC, ¶¶ 34-92.) Nor does Plaintiff allege that the Beroukhims had any involvement or knowledge of the "Liquidation and Offshoring Plan". (TAC, ¶¶ 94-169.) Plaintiff does not allege that the Beroukhims retained any of the proceeds from their purchase of the Subject Property. (*Id.*) In fact, Plaintiff does not allege any connection between the Beroukhims and the other defendants other than the purchase of the Subject Property from Nexgen. Plaintiff does not allege that the Beroukhims had knowledge of the bankruptcy proceeding. Nor does Plaintiff allege that a notice of the bankruptcy proceeding was ever recorded.

In addition, Plaintiff does not allege that the Beroukhims' purchase of the Subject Property was not for "reasonably equivalent value." In fact, Plaintiff alleges that as of May 31, 2012, the Subject property was worth $2,000,000 – which is precisely what the Beroukhims paid for the Subject Property in March of 2013. (TAC, ¶¶ 35 and 96.)

### D. Plaintiff's Claims For Relief Against The Beroukhims

Plaintiff asserts two claims for relief against the Beroukhims. Plaintiff's Fourth Claim for Relief for Fraudulent Transfer seeks to recover the Subject Property or in the alternative, to recover the value of the Subject Property from the Beroukhims pursuant to California's Uniform Fraudulent Transfer Act ("CUFTA") (California Civil Code §3439, et seq.) Plaintiff's Twelfth Claim for Relief seeks to enjoin all Defendants, including the Beroukhims, from transferring the Subject Property and the proceeds thereof. Plaintiff's claim for injunctive relief is presumably based upon the CUFTA as well. For the forgoing

reasons, both claims against the Beroukhims should be dismissed for failure to state a claim upon which relief can be granted. (Fed.R.Bankr.P. 7012; Fed.R.Civ.P 12(b)(6).)

## II. ARGUMENT

### A. California's Uniform Fraudulent Transfer Act

As noted above, Plaintiff seeks to recover either the Subject Property or its value from the Beroukhims based upon the CUFTA (Civil Code §3439, et seq.) The CUFTA provides remedies for acts (making transfers or incurring obligations) constituting "actual fraud" (Civil Code §§3439.04(a)(1) and (2)) and acts constituting "constructive fraud" (Civil Code §3439.05). In addition, Civil Code §3439.08 proscribes when a transfer or obligation is not voidable and against whom a judgment can be taken.

### B. Plaintiff Cannot Prevail Against The Beroukhims As A Matter Of Law Under Either Civil Code §3439.04(a)(2) Or Civil Code §3439.05

Civil Code §3439.04(a)(2) defines an actual fraudulent transfer to include transfers made or obligations incurred under certain circumstances when as a threshold the transfer made or obligation incurred was not for "reasonably equivalent value." Similarly, Civil Code §3439.05 describes constructive fraud as "[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at the time or the debtor became insolvent as a result of the transfer or obligation." Consequently, as a threshold matter, in order for a transfer to be deemed fraudulent under either §3439.04(a)(2) or §3439.05, the debtor must not have received "reasonably equivalent value" for the property. In the instant matter, this is fatal to Plaintiff's claims against the Beroukhims as a matter of law in so far as Plaintiff relies upon either Civil Code §3439.04(a)(2) or Civil Code §3439.05.

Plaintiff does not allege that the $2,000,000 paid by the Beroukhims for the Subject Property is not "reasonably equivalent value." Rather, Plaintiff admits that as of May 31, 2012, the Subject Property was worth what the Beroukhims paid for it less than 10 months

3

*MEMORANDUM OF POINTS AND AUTHORITIES*

1507361_1.doc

later. (TAC, ¶¶ 35 and 96.) Consequently, Plaintiff effectively admits that the Beroukhims purchased the Subject Property for "reasonably equivalent value." Moreover, Plaintiff does not <u>and cannot</u> plead a prima facie case for application of Civil Code §3439.04(a)(2) or Civil Code §3439.05 in connection with the sale to the Beroukhims. Therefore, to the extent Plaintiff's Fourth and Twelfth Claims for Relief rest on Civil Code §3439.04(a)(2) or Civil Code §3439.05, they are properly dismissed without leave to amend.

C. **Plaintiff's Claims Are Not Plausible Under Civil Code §3439.04(a)(1)**

In light of the allegations of the TAC and the admission that the Beroukhims paid "reasonably equivalent value" for the Subject Property, Plaintiff must rely on Civil Code §3439.04(a)(1) exclusively in order to prevail. However, the allegations are insufficient to state a claim upon which relief can be granted, even when considered in a light most favorable to the Plaintiff.

Civil Code §§3439.04(a)(1) states that a "transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation incurred, if the debtor made the transfer or incurred the obligation … (1) [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor." However, Civil Code §3439.08(a) states that a "transfer or an obligation is not voidable under [§3439.04(a)(1)] against a person who took in good faith and for a reasonably equivalent value or against any subsequent transferee or oblige."

It is axiomatic that in deciding a motion to dismiss, a court must assume all factual allegations as true and construe them in a light most favorable to Plaintiff. (*Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-338 (9th Cir. 1996.) However, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." (*In Re: VeriFone Sec. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993.) Moreover, a merely "conceivable" claim is not enough, Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." (*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).) Assuming arguendo, that Plaintiff has sufficiently pled that Nexgen transferred the Subject Property to the Beroukhims with the "actual intent to hinder, delay, or defraud any

creditor of the debtor"; Plaintiff's claims against the Beroukhims are nevertheless not plausible. (*Id.*)

As noted above, the TAC includes effectively an admission by Plaintiff that the Beroukhims paid "reasonably equivalent value" for the Subject Property. (TAC, ¶¶ 35 and 96.) Consequently, one of the two elements of Civil Code §3439.08(a) is admitted by Plaintiff. In addition, when taken as a whole, the only inference that can be drawn from the allegations of the TAC is that the Beroukhims purchased the Subject Property without knowledge of the fraud alleged in the TAC and without knowledge of the bankruptcy proceeding, i.e. in "good faith". No other conclusion makes sense in light of the allegations of the TAC. Indeed, the TAC is void of any allegation that can remotely be seen to infer that the Beroukhims acted in anything but "good faith" and without knowledge of either the fraud or the bankruptcy proceeding.

Recall that Plaintiff does not allege that the Beroukhims had any involvement with either the "Initial Transfer Plan" or the "Liquidation and Offshoring Plan." Nor does Plaintiff allege that the Beroukhims retained any of the sale proceeds that the Plaintiff now seeks to recover. While the TAC contains detailed allegations regarding the connection between the other defendants -- there is no allegation that Beroukhims have any connection to any of the other defendants. In other words, the TAC describes a purely "arm's length" transaction between Nexgen and the Beroukhims. In addition, Plaintiff does not allege that the Beroukhims had knowledge of the bankruptcy proceeding or that Plaintiff recorded notice of the proceeding with the L.A. County Recorder's Office. Consequently, the Trustee's interest in the Subject Property can only be described as an "unrecorded conveyance." (*See In Re: Tippett*, 542 F.3d 684, 688 (9th Cir. 2008.)

When faced with an unrecorded conveyance and a subsequent purchaser <u>for value</u> without any allegation of knowledge or wrongdoing in an "arm's length" transaction, the only reasonable inference that can be drawn is that the subsequent purchaser acted in good faith. In the instant matter, any other inference from the facts alleged in the TAC is unreasonable and not plausible. (*Bell Atl. Corp*, 550 U.S. at 547.) Indeed in some

jurisdictions, a subsequent purchaser who takes for value is presumed to have acted in good faith as against an unrecorded conveyance as a matter of law. (*See e.g. Kruse v. Conklin*, 108 P. 856, 858 (1910).) In short, nothing in the TAC suggests anything other than the Beroukhims purchased the Subject Property in "good faith" and for "reasonably equivalent value." (Civil Code §3439.08(a).) Consequently, to the extent Plaintiff's claims against the Beroukhims rest on Civil Code §3439.05(a)(1), Plaintiff has simply not "nudged their claims across the line from conceivable to plausible" and they should be dismissed. (*Bell Atl. Corp.*, 550 U.S. at 547.)

## III. CONCLUSION

Based upon the foregoing reasons, the Beroukhims respectfully request that the Court enter an order granting this Motion and dismissing the Fourth and Twelfth Claims for Relief in the TAC with prejudice and without leave to amend as to the Beroukhims.

DATED: October 9, 2014

Respectfully submitted,

GIBBS GIDEN LOCHER TURNER
SENET & WITTBRODT LLP

By: _____
Brendan B. Penney
Attorneys for Defendants
FARIBOURZ BEROUKHIM AND HALEH BEROUKHIM

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1880 Century Park East, 12th Floor, Los Angeles, CA 90067

A true and correct copy of the foregoing document described as **FARIBOURZ BEROUKHIM AND HALEH BEROUKHIM'S NOTICE OF MOTION AND MOTION TO DISMISS TRUSTEE'S THIRD AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF [FED.R.BANKR.P. 7012; FED.R.CIV.P 12(b)(6)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 10, 2014**. I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Michael T. Boardman *(mboardman@raklaw.com)*; Nathan D. Meyer *(nmeyer@raklaw.com)*; Mary Der-Parseghian *(Mary@MaryDLaw.com)*; Selena Rojhani *(srojhani@rojhanilawgroup.com)*; Rafael Chodos *(Rafael@chodos.com)* United States Trustee (LA) *(ustpregion16.la.ecf@usdoj.gov)*

☐ Service information continued on attached page

II. **SERVED BY FIRST CLASS MAIL**(indicate method for each person or entity served):
On **October10, 2014,** I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| Anthony Barber | Tony Flanagan | Nicole Hewson | **Wilton Group** |
| c/o **Wilton Group** | c/o **Wilton Group** | c/o **Wilton Group** | 66-67 Athol St. |
| 66-67 Athol St. | 66-67 Athol St. | 66-67 Athol St. | Douglas, IM1 1JE |
| Douglas, IM1 1 JE | Douglas, IM1 1JE | Douglas, IM1 1JE | |

☒ Service information continued on attached page

III. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 10, 2014,** I served the following person(s) and/or entity(ies) by **overnight mail**, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that **overnight mail** delivery on the judge will be completed no later than 24 hours after the document is filed.

The Honorable Robert Kwan, United States Bankruptcy Court-Central District of California
255 E. Temple Street, Courtroom 1675, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| Amelia Walker | | /s/ *Amelia Walker* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010                                                                                                         **F 9013-3.1.PROOF.SERVICE**

## ATTACHMENT TO PROOF OF SERVICE

**Additional Parties to be served by mail:**

**Beneficiaries of Private Trust 1999**
c/o **Wilton Trustees (IOM) Limited**
66-67 Athol St.
Douglas, 1M1 1JE

**Nexgen Energy Holdings PCC, an Isle Mann Company**
6277 Van Nuys Blvd.
Suite 127
Van Nuys, CA  91401

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*                                                                                       **F 9013-3.1.PROOF.SERVICE**